UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT J. JEAN,<br><br>      *Plaintiff*,<br><br>-against-<br><br>4 SQUARE MANAGEMENT, LLC, 5 SQUARE MANAGEMENT, LLC, EAST HARLEM 119 CORP., JUNCTION ELMHURST NY CORP, PARK NORTH 1 LLC, PARK NORTH 9 LLC, PARK SOHO LLC, PP MANAGEMENT 1 CORP., PPS 37TH AVENUE LLC, PPS 77 LLC, PPS 100 LLC, PPS 9201 LLC, PPS COOK LLC, PPS DEKALB LLC, PPS GOLD LLC, PPS LAFAYETTE CORP, PPS MANAGEMENT LLC, PPS STANWIX LLC, PPS TROUTMAN LLC, PPS UNION LLC, PPS UTICA LLC, VERNON BLVD PARK LLC, WEST 15 PARK LLC,<br><br>      *Defendants*. | Case No.<br><br>**FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

  Plaintiff, Robert J. Jean ("Plaintiff"), on behalf of himself and others similarly situated employees, as class representative, by and through his attorney, Mohammed Gangat, Esq., brings this Complaint against Defendants, 4 SQUARE MANAGEMENT, LLC, 5 SQUARE MANAGEMENT, LLC, EAST HARLEM 119 CORP., JUNCTION ELMHURST NY CORP, PARK NORTH 1 LLC, PARK NORTH 9 LLC, PARK SOHO LLC, PP MANAGEMENT 1 CORP., PPS 37TH AVENUE LLC, PPS 77 LLC, PPS 100 LLC, PPS 9201 LLC, PPS COOK LLC, PPS DEKALB LLC, PPS GOLD LLC, PPS LAFAYETTE CORP, PPS MANAGEMENT LLC, PPS STANWIX LLC, PPS TROUTMAN LLC, PPS UNION LLC, PPS UTICA LLC, VERNON BLVD PARK LLC, WEST 15 PARK LLC, (collectively "Defendants"), alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), he is entitled to recover from Defendants: (1) unpaid overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs, and pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid overtime compensation; (2) unpaid spread-of-hours compensation; (3) statutory damages arising out of Defendants' failure to provide accurate wage statements pursuant to the NYLL and New York State Wage Theft Prevention Act; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

2. The relevant statutory period for Plaintiff's federal claims under the FLSA is the three-year period preceding the date of the filing of the complaint, and the statutory period applicable to Plaintiff's state law claims under the NYLL is the six-year period preceding the date of the filing of the complaint.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff is an adult residing in the County of New York, State of New York.

6. At all relevant times, Plaintiff is a covered individual within the meaning of the FLSA, U.S.C. §§ 206(a) and (207(a), and NYLL §§ 190(2) and 651(5).

7. Upon information and belief, Defendant 4 Square Management, LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 1461 First Avenue, Suite 132, New York, NY 10075.

8. Upon information and belief, Defendant 5 Square Management, LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 1461 First Avenue, New York, NY 10075.

9. Upon information and belief, Defendant East Harlem 119 Corp. is a domestic limited business corporation duly organized and existing under the laws of the State of New York with a service process address as 1461 First Avenue, Suite 132, New York, NY 10075.

10. Upon information and belief, Defendant Junction Elmhurst NY Corp is a domestic business corporation duly organized and existing under the laws of the State of New York with a service process address as 1461 First Avenue, New York, NY 10075.

11. Upon information and belief, Defendant Park North 1 LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 1461 First Ave., Ste. 132, New York, NY, 10075.

12. Upon information and belief, Defendant Park North 9 LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 9306 Flatlands Avenue, Brooklyn, NY 11236.

13. Upon information and belief, Defendant Park Soho LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 1461 1st Avenue, Suite 132, New York, NY, 10075.

14. Upon information and belief, Defendant PP Management 1 Corp is a domestic business corporation duly organized and existing under the laws of the State of New York with a service process address as 1461 First Avenue, New York, NY, 10075.

15. Upon information and belief, Defendant PPS 37th Avenue LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 1461 1st Ave, Suite 132, New York, NY, 10075.

16. Upon information and belief, Defendant PPS 77 LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 1461 First Avenue, Suite 132, New York, NY, 10075.

17. Upon information and belief, Defendant PPS 100 LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 1461 1st Avenue, Suite 132, New York, NY, 10075.

18. Upon information and belief, Defendant PPS 9201 LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 220 East 117 Street, New York, NY 10035.

19. Upon information and belief, Defendant PPS Cook LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 1461 1st Avenue, Suite 132, New York, NY, 10075.

20. Upon information and belief, Defendant PPS Dekalb LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 1461 First Avenue, Suite 132, New York, NY, 10075.

21. Upon information and belief, Defendant PPS Gold LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 9306 Flatlands Avenue, Brooklyn, NY 11236.

22. Upon information and belief, Defendant PPS Lafayette Corp is a domestic business corporation duly organized and existing under the laws of the State of New York with a service process address as 9306 Flatland Avenue, Brooklyn, NY 11236.

23. Upon information and belief, Defendant PPS Management LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 1461 First Avenue, Suite 132, New York, NY 10075.

24. Upon information and belief, Defendant PPS Stanwix LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 1461 First Avenue, Suite 132, New York, NY 10075.

25. Upon information and belief, Defendant PPS Troutman LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 341A E. 76th Street, Suite 132, New York, NY 10021.

26. Upon information and belief, Defendant PPS Union LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 1461 1st Avenue, Suite 132, New York, NY 10075.

27. Upon information and belief, Defendant PPS Utica LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 1461 1st Avenue, Suite 132, New York, NY 10075.

28. Upon information and belief, Defendant Vernon Blvd Park LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 341A East 76th Street, Box 132, New York, NY 10021.

29. Upon information and belief, Defendant West 15 Park LLC is a domestic limited liability company duly organized and existing under the laws of the State of New York with a service process address as 1461 1st Ave, Suite 132, New York, NY 10075.

30. Collectively, defendants 4 SQUARE MANAGEMENT, LLC, 5 SQUARE MANAGEMENT, LLC, EAST HARLEM 119 CORP., JUNCTION ELMHURST NY CORP, PARK NORTH 1 LLC, PARK NORTH 9 LLC, PARK SOHO LLC, PP MANAGEIDT 1 CORP.,

PPS 37TH AVENUE LLC, PPS 77 LLC, PPS 100 LLC, PPS 9201 LLC, PPS COOK LLC, PPS DEKALB LLC, PPS GOLD LLC, PPS LAFAYETTE CORP, PPS MANAGEMENT LLC, PPS STANWIX LLC, PPS TROUTMAN LLC, PPS UNION LLC, PPS UTICA LLC, VERNON BLVD PARK LLC, WEST 15 PARK LLC, referred to hereinafter as "Defendants."

31. Upon information and belief, Defendants exercise control over the terms and conditions of their employees' employment, including Plaintiff's employment, in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

32. At all relevant times, the work performed by Plaintiff was essential to the business owned and operated by Defendants.

33. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation in direct violation of the FLSA and NYLL.

## STATEMENT OF FACTS

34. At all relevant times, Defendants operate multiple parking lots where Plaintiff worked including lots located at: (1) 56 North 9th Street, Brooklyn, NY 11249; (2) 46 Cook Street, Brooklyn, NY 11206; and (3) 1345 Lincoln Pl., Brooklyn, NY 11213.

35. Plaintiff at all times was a covered employee within the meaning of the FLSA and NYLL, and was assigned to work at various parking lots.

36. Plaintiff Robert J. Jean began working for the Defendant in or about April 2020.

37. The employment ended on or about April, 2021.

38. At all relevant times, Defendants continuously employed Plaintiff to work as a non-exempt employee performing primarily consist of parking cars; moving cars; and collecting payments.

39. Plaintiff often works shifts from 4:00 p.m. to 12:00 a.m. between 5 and 7 days per week and sometimes even works 24-hour shifts.

40. Throughout his employment, Plaintiff has worked over 40 hours per week, without being paid overtime premium for those hours nor did he receive spread-of-hours when required.

41. Plaintiff was paid in cash in the beginning of his employment and then began receiving paychecks.

42. At no point during Plaintiff's employment with Defendants, was he ever provided with an accurate wage statement showing him accurate work hours and wages because the statements did not show overtime rates, hours, and pay.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this action individually and as class representative on behalf of the "Proposed FLSA Collective" defined as:

> all current and former parking lot attendants employed by Defendants for the three year period prior to the filing of the complaint

44. Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than fifty (50) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

45. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law

and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

46. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

47. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

48. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

    e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements; and

    f. Whether the Defendants failed to pay Plaintiff and the Collective Action Members for hours worked in excess of 40 hours per workweek.

49. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

50. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

51. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

52. In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiff also brings this action on behalf of a "Proposed Rule 23 Class", under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

> all current and former parking lot attendants employed by Defendants during the six year period prior to the filing of the complaint.

53. Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class consists of all non- managerial current

and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

54. The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

55. The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

56. Plaintiff has committed to pursuing this action and has retained counsel experienced in employment law and class action litigation.

57. Plaintiff will fairly and adequately protect the interests of the Proposed Class.

58. Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that he must consider their interests just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class Members.

59. Plaintiff recognizes that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, they must remain informed of litigation developments and that they may be called upon to testify in depositions and at trial.

60. Plaintiff has the same interests in this matter as all other members of the Proposed Class, and Plaintiff's claims are typical of the Proposed Class.

61. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

  a. Whether the Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

  b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Class members;

  c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

  d. Whether the Defendants failed to pay Plaintiff and the Class members the applicable minimum wage for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

  e. Whether the Defendants failed to pay Plaintiff and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

  f. Whether Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

  g. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

**COUNT I: FLSA - Unpaid Overtime Wages**
*Brought on behalf of Plaintiffs and the Proposed FLSA Collective*

62. Plaintiff realleges and re-avers each and every allegation and statement contained in the above paragraphs of this Complaint as if fully set forth herein.

63. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

64. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

65. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

66. Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

67. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

68. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

69. Defendants have a policy that they knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff. Instead, Defendants paid him nothing for those overtime hours.

70. Defendants failed to properly disclose or apprise Plaintiff of his rights under the

FLSA.

71. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b).

72. Due to reckless, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages, and an equal amount as liquidated damages, and prejudgment interest thereon.

73. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II: NYLL - Unpaid Overtime Wages
*Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

74. Plaintiff realleges and re-avers each and every allegation and statement contained in the above paragraphs of this Complaint as if fully set forth herein.

75. Defendants employed Plaintiff and members of the Proposed Rule 23 Class within the meaning of NYLL §§ 2 and 651.

76. Defendants knowingly and willfully violated the rights of Plaintiff and members of the Proposed Rule 23 Class by failing to pay the required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

77. Defendants' violations of the NYLL, as described, were willful and intentional.

78. Defendants failed to properly disclose or apprise Plaintiff and members of the Proposed Rule 23 Class of rights under the NYLL.

79. Due to the Defendants' NYLL violations, Plaintiff and members of the Proposed Rule 23 Class are entitled to recover from Defendants the difference between his actual wages and the amounts owed under the NYLL. The deficiency accounts for overtime compensation for all overtime hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL §§

663(1), 198.

80. Plaintiff and members of the Proposed Rule 23 Class are also entitled to liquidated damages pursuant to NYLL § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### COUNT III: NYLL - Wage Notice and Periodic Wage Statements
*Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

81. Plaintiff realleges and re-avers each and every allegation and statement contained in the above paragraphs of this Complaint as if fully set forth herein.

82. Defendants have willfully failed to supply Plaintiff and members of the Proposed Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs as their primary language, containing Plaintiffs' rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

83. Through Defendants' knowing or intentional failure to provide Plaintiff and members of the Proposed Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

84. Defendants have willfully failed to supply Plaintiff and members of the Proposed Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and

phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

85. Through Defendants' knowing or intentional failure to provide Plaintiffand members of the Proposed Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

86. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffand members of the Proposed Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

87. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and members of the Proposed Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, respectfully requests that the Court grant the following relief:

(a) Certification of this case as collective action under the Fair Labor Standards Act and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b) Designation of Plaintiff as representative of the FLSA Collective and of the New York Rule 23 Class and counsel of record as Class Counsel;

(c) An award for unpaid overtime compensation due under the FLSA and NYLL;

(d) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the NYLL and the New York State Wage Theft Prevention Act;

(f) An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(g) An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

(h) An award of prejudgment and post-judgment interest;

(i) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

(j) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       June 1, 2022

**LAW OFFICE OF MOHAMMED GANGAT**

By:_____
    Mohammed Gangat, Esq.
    675 Third Avenue, Suite 1810
    New York, NY 10017
    (718) 669-0714
    mgangat@gangatllc.com
    *Attorneys for Plaintiff*