# Law Office of Mohammed Gangat

675 Third Avenue, Suite 1810
New York, NY 10017
Direct Dial: (718) 669-0714
Office: (646) 556-6112
mgangat@gangatpllc.com
Fax: (646) 496-9195

**November 14, 2022**

<u>Via ECF</u>
Magistrate Judge James R. Cho
U.S District Court, Eastern District
225 Cadman Plaza E,
Brooklyn, NY 11201

    <u>Re:</u> <u>Jean v. 4 Square Management, LLC et al.,</u>
       <u>Case No. 1:22-cv-03237-JRC</u>

To the Hon. Judge Cho:

 I represent plaintiff Robert Jean s Fadilj in the above-referenced action (the "Action") and submit this letter jointly with counsel for defendants 4 Square Management, LLC; 5 Square Management, LLC; East Harlem 119 Corp.; Junction Elmhurst NY Corp.; Park North 1 LLC; Park North 9 LLC; Park Soho LLC; PP Management 1 Corp.; PPS 37th Avenue LLC; PPS 77 LLC; PPS 100 LLC; PPS Cook LLC; PPS Dekalb LLC; PPS Gold LLC; PPS Lafayette Corp.; PPS Management LLC; PPS Stanwix LLC; PPS Troutman LLC; PPS Union LLC; PPS Utica LLC; Vernon Blvd Park LLC; West 15 Park LLC; and, PPS 9201 LLC, (collectively referred to as "Defendants").

 The parties are seeking your Honor's approval of the settlement of this action, pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties have consented to the jurisdiction of the magistrate judge for all matters in this action. See Ecf No. 34.

 This action arises under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime; retaliatory reduction in work hours in violation of the NYLL; and failure to provide wage notices and wage statements in violation of the NYLL. Plaintiff calculated damages as follows: $7,000 in overtime damages; $10,000 in statutory penalties for failure to provide wage notices and wage statements; and for his retaliation claim, $5,000 in backpay, plus $50,000 each for emotional distress and punitive damages.

 The parties to this action by and through their attorneys have had multiple conversations ultimately arrived at a compromise figure of $25,000 to resolve all claims, including attorneys' fees and costs, and the parties memorialized this in a written agreement to resolve this Action (the "Agreement") that is now being submitted to Your Honor for approval. (A copy of the Agreement is attached hereto as Exhibit A).

Hon. James Cho
Page 2 of 2
November 14, 2022

      The Agreement contains a mutual general release. This was a sticking point for defendants. Plaintiff agreed to the general release after consulting with counsel and in the interest of resolving this dispute in a manner favorable to him. Since *Cheeks* was decided, courts in both districts of this Circuit have approved mutual general releases in a number of cases. *See Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) ("there is nothing inherently unfair about a release of claims in an FLSA settlement"); *Cionca v. Interactive Realty, LLC*, 2016 WL 3440554, at *4 (S.D.N.Y. June 10, 2016) ("Under these circumstances, a general release of the kind proposed in this case makes sense, in order to bring closure to both sides, and the Court finds it to be fair and reasonable"); *Weng v. T&W Rest., Inc.*, 2016 WL 3566849, at *5 (S.D.N.Y. June 22, 2016) (approving agreement containing "mutual general releases, negotiated by competent counsel for both sides, releasing both plaintiffs and defendants from liability for most claims each might have against the other up to the date the Agreement [was] signed"). Like in the cases cited above, the parties here have agreed to a *mutual* general release.

      There is no confidentiality provision or other limitations on disclosures.

      Moreover, this is not a case where a settlement came about because of "overreaching" by any part. To the contrary, the settlement was the result of vigorous arm's-length negotiations occurring over many months involving counsel and the exchange of documentary evidence. The parties' counsels are experienced and well-versed in wage and hour law and duly counseled their respective clients on the benefits and risks of continued litigation. Settlement at this stage of the case for this amount constitutes the most efficient and effective conclusion to this litigation for all parties.

      The attorney's fee is reasonable because it is what is customarily charged by attorneys in this district, and approved by Courts in this district, in FLSA cases. the settlement amount is being used to first reimburse the attorney for the costs of the litigation, and the remainder is divided between attorney and client with the attorney receiving ⅓ and the client receiving ⅔. A copy of Plaintiff's counsel's time records for this action are attached hereto as Exhibit B.

      The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiffs and respectfully request that the Court approve the Agreement and permit the parties to submit the Stipulation of Voluntary Dismissal With Prejudice to the Court for So Ordering and filing with the Clerk of the Court. We thank the Court for its time and attention to this matter.

      Respectfully Submitted,

      Law Office of Mohammed Gangat

      _____
      Mohammed Gangat, Esq.