# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ROBERT J. JEAN,

                *Plaintiff,*

-against-

4 SQUARE MANAGEMENT, LLC, 5 SQUARE MANAGEMENT, LLC, EAST HARLEM 119 CORP., JUNCTION ELMHURST NY CORP, PARK NORTH 1 LLC, PARK NORTH 9 LLC, PARK SOHO LLC, PP MANAGEMENT 1 CORP., PPS 37TH AVENUE LLC, PPS 77 LLC, PPS 100 LLC, PPS 9201 LLC, PPS COOK LLC, PPS DEKALB LLC, PPS GOLD LLC, PPS LAFAYETTE CORP, PPS MANAGEMENT LLC, PPS STANWIX LLC, PPS TROUTMAN LLC, PPS UNION LLC, PPS UTICA LLC, VERNON BLVD PARK LLC, WEST 15 PARK LLC,

                *Defendants.*

**SETTLEMENT AGREEMENT AND RELEASE**

    WHEREAS, Defendants 4 Square Management, LLC; 5 Square Management, LLC; East Harlem 119 Corp.; Junction Elmhurst NY Corp.; Park North 1 LLC; Park North 9 LLC; Park Soho LLC; PP Management 1 Corp.; PPS 37th Avenue LLC; PPS 77 LLC; PPS 100 LLC; PPS Cook LLC; PPS Dekalb LLC; PPS Gold LLC; PPS Lafayette Corp.; PPS Management LLC; PPS Stanwix LLC; PPS Troutman LLC; PPS Union LLC; PPS Utica LLC; Vernon Blvd Park LLC; West 15 Park LLC; and, PPS 9201 LLC, (collectively referred to as "Defendants") on the one hand, and Plaintiff Robert J. Jean ("Plaintiff" and together with Defendants, the "Parties") on the other, agree to the material terms of this Settlement Agreement and Release ("Agreement") in an effort to resolve all wage and hour claims Plaintiff has or might have against Defendants, including claims asserted under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in this action (the "Litigation");

    WHEREAS, a dispute has arisen regarding Plaintiff's employment and the terms thereof, which dispute has resulted in the filing of the Litigation in the United States District Court for the Eastern District of New York, alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws or any other wrongdoing of any kind; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

1231196.1

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff and their counsel, subject to the terms and conditions of this Agreement, the gross sum of Twenty Five Thousand Dollars and No Cents ($25,000.00) (the "Settlement Amount") as follows:

   i. Within seven (7) days of execution of this agreement, Defendants shall make a payment of $12,500 to Plaintiff and their counsel Gangat LLC as follows:

      a. Defendants shall issue a check made payable to "Robert J. Jean" in the total amount of Eight Thousand Dollars and Zero Cents ($8,000.00), representing payment for any and all unpaid minimum wages, overtime, and any other wages under NYLL and FLSA. Defendants shall issue Robert J. Jean an IRS Form 1099-MISC with respect to this payment.

      b. Defendants shall issue a check made payable to "Gangat LLC" in the total amount of Four Thousand Five Hundred Dollars and Zero Cents ($4,500.00), representing payment for Plaintiff's attorneys' fees, costs and expenses incurred in this matter. Defendants shall issue an IRS Form 1099-MISC with respect to this payment.

   ii. Within thirty (30) days of payment in paragraph 1(i), Defendants shall make a a second and final payment of $12,500 to Plaintiff and their counsel Gangat LLC as follows:

      a. Defendants shall issue a check made payable to "Robert J. Jean" in the total amount of ~~Four Thousand~~ Seven Thousand Three Hundred Dollars and Zero Cents ($7,300.00), representing payment for any and all unpaid minimum wages, overtime, and any other wages under NYLL and FLSA. Defendants shall issue Robert J. Jean an IRS Form W-2 with respect to this payment.

      b. Defendants shall issue a check made payable to "Gangat LLC" in the total amount of Five Thousand Two Hundred Dollars and Zero Cents ($5,200.00), representing payment for Plaintiff's attorneys' fees, costs and expenses incurred in this matter. Defendants shall issue an IRS Form 1099-MISC with respect to this payment.

2. <u>General Mutual Release</u>: The Parties, hereby enter into the following mutual general release. The mutual general release herein in by and for Plaintiff, and by and for Defendants 4 Square Management, LLC; 5 Square Management, LLC; East Harlem 119 Corp.; Junction Elmhurst NY Corp.; Park North 1 LLC; Park North 9 LLC; Park Soho LLC; PP Management 1 Corp.; PPS 37th Avenue LLC; PPS 77 LLC; PPS 100 LLC; PPS Cook LLC; PPS Dekalb LLC; PPS Gold LLC; PPS Lafayette Corp.; PPS Management LLC; PPS Stanwix LLC; PPS Troutman LLC; PPS Union LLC; PPS Utica LLC; Vernon Blvd Park LLC West 15 Park

LLC; and, PPS 9201 LLC, as well as Defendants' current and former owners stockholders, predecessors, successors, assigns, directors, officers, employees, former employees, former attorneys, insurers, reinsurers, parents and subsidiaries, ("Releasees"). The parties hereby knowingly and voluntarily release and forever discharge each other, to the full extent permitted by law, of and from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, of every kind and nature whatsoever, legal, equitable, contractual, tortious or statutory which may heretofore have existed or which may now exist including, but not limited to (i) claims arising directly or indirectly from Plaintiffs' and Defendants business relationship and the termination of that relationship; (ii) claims arising directly from the actions or inactions of the Parties; (iii) all allegations and causes of action asserted in the Lawsuit; (iv) claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders including, but not limited to, claims arising under the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.*; Section 1981 through 1988 of Title 42 of the United States Code; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000(e) *et seq.*, as amended; the Americans With Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. §§2601 *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.*; the National Labor Relations Act, 29 U.S.C. §§151 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. §§701 *et seq.*; as amended, the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. §§1161 *et seq.*; the Occupational Safety and Health Act, 29 U.S.C. §§651 *et seq.*; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621 *et seq.*; the Older Workers' Benefit Protection Act, as amended; the Internal Revenue Code, the New York State Labor Law §§ 1 *et seq.* and applicable regulations; New York State Executive Law §§290 *et seq.*; the Wage Theft Prevention Act, the New York Equal Pay Law; the New York Legal Activities Law, all other New York State Wage and Hour Laws including, without limitation, Sections 740 and 741 of the New York State Labor Law, the New York Worker Health and Safety Act, NYCHRL, NYSHRL, and/or any other federal, state or local human rights, civil rights, wage-hour, wage-payment, pension, labor, contract or tort laws, or any other claim arising under the common law including but not limited to defamation, and/or the aforementioned laws' rules and/or regulations, ordinances, or public policy, or any claim for costs, attorneys' fees, disbursements, liens or expenses, any form of damages including but not limited to compensatory, punitive and or liquidated, including but not limited to emotional distress, or any other claim, based upon any conduct occurring from the beginning of the world to the date Plaintiffs execute this Agreement. Provided, however, that any language to the contrary herein notwithstanding, nothing in this Agreement shall operate to bar or limit any claim of Plaintiffs for physical injury made pursuant to the New York Worker's Compensation Law arising from their employment with Defendants. Moreover, this Agreement and Release does not extend to those rights which as a matter of law cannot lawfully be waived

3. **No Admission of Wrongdoing**: The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be construed as an admission by Defendants of any liability or wrongdoing whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. **Modification of the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

3

5. <u>Acknowledgments</u>: The Parties acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Mohammed Gangat
675 Third Avenue, Suite 1810
New York, NY 10017
(646) 556-6112
moe@lawyerforworkers.com

To Defendants:

Russell J. Shanks, Esq.
420 Lexington Avenue, Suite 2320
New York, New York 10170
(212) 661-6800
rshanks@cszlaw.com

7. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, without regard to its conflict of laws provision. The Parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

The parties ask the court to retain jurisdiction for purposes of enforcement of this Agreement.

8. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they

4

have consulted with Mohammed Gangat. Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10. **Counterparts**: To signify their agreement to the terms of this Agreement and Release, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by electronic or facsimile transmission.

11. **Attorneys' Fees**: If either party files a lawsuit (or court pleading or motion or request) or arbitration to enforce the terms of the Agreement, and this results in a recovery of damages for that party against the other, or otherwise results in a finding of liability against the other party, then the prevailing party shall have the right to collect from the other the prevailing party's costs and disbursements and reasonable attorneys' fees incurred in the process of enforcing the Agreement. It is further expressly agreed that if any party must appear and otherwise participate in any bankruptcy proceeding in connection with enforcing the terms of this agreement, then that party shall be entitled to recover against the party whom enforcement is sought, the reasonable cost of attorneys' fees incurred in bankruptcy. It is further expressly agreed that if any party must undertake judgment enforcement efforts including for example an

execution or levy involving a Sheriff, in connection with enforcing the terms of this agreement, then that party shall be entitled to recover against the party whom enforcement is sought, the reasonable cost of attorneys' fees incurred in such judgment enforcement efforts.

PLAINTIFF ROBERT J. JEAN:

_____     Date: 4/10/2022
ROBERT J. JEAN

DEFENDANT 4 SQUARE MANAGEMENT, LLC

_____     Date: 11/3/22

4 SQUARE MANAGEMENT, LLC
By:

DEFENDANT 5 SQUARE MANAGEMENT, LLC

_____*[signature]*_____   Date: 11/3/22

5 SQUARE MANAGEMENT, LLC
By:

DEFENDANT EAST HARLEM 119 CORP.

_____*[signature]*_____   Date: 11/3/22

EAST HARLEM 119 CORP.
By:

DEFENDANT JUNCTION ELMHURST NY CORP

_____*[signature]*_____   Date: 11/3/22

JUNCTION ELMHURST NY CORP
By:

-SIGNATURES CONTINUE ON NEXT PAGE-

DEFENDANT PARK NORTH 1 LLC

_____*[signature]*_____   Date: 11/3/22

PARK NORTH 1 LLC
By:

DEFENDANT PARK NORTH 9 LLC

_____*[signature]*_____   Date: 11/3/22

PARK NORTH 9 LLC
By:

DEFENDANT PARK SOHO LLC

6

_____  Date: 11/3/22
PARK SOHO LLC
By:

DEFENDANT PP MANAGEMENT 1 CORP.

_____  Date: 11/3/22
PP MANAGEMENT 1 CORP.
By:

DEFENDANT PPS 37TH AVENUE LLC

_____  Date: 11/3/22
PPS 37TH AVENUE LLC
By:

DEFENDANT PPS 77 LLC

_____  Date: 11/3/22
PPS 77 LLC
By:

DEFENDANT PPS 100 LLC

_____  Date: 11/3/22
PPS 100 LLC
By:

DEFENDANT PPS 9201 LLC

_____  Date: 11/3/22
PPS 9201 LLC
By:

DEFENDANT PPS COOK LLC

_____  Date: 11/3/22
PPS COOK LLC

7

By:

DEFENDANT PPS DEKALB LLC

_____  Date: 11/3/22
PPS DEKALB LLC
By:

DEFENDANT PPS GOLD LLC

_____  Date: 11/3/22
PPS GOLD LLC
By:

DEFENDANT PPS LAFAYETTE CORP

_____  Date: 11/3/22
PPS LAFAYETTE CORP
By:

DEFENDANT PPS MANAGEMENT LLC

_____  Date: 11/3/22
PPS MANAGEMENT LLC
By:

DEFENDANT PPS STANWIX LLC

_____  Date: 11/3/22
PPS STANWIX LLC
By:

DEFENDANT PPS TROUTMAN LLC

_____  Date: 11/3/22
PPS TROUTMAN LLC
By:

8

DEFENDANT PPS UNION LLC

_____  Date: 11/3/22
PPS UNION LLC
By:

DEFENDANT PPS UTICA LLC

_____  Date: 11/3/22
PPS UTICA LLC
By:

DEFENDANT VERNON BLVD PARK LLC

_____  Date: 11/3/22
VERNON BLVD PARK LLC
By:

DEFENDANT WEST 15 PARK LLC

_____  Date: 11/3/22
WEST 15 PARK LLC
By:

9